# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA

## CENTRAL DIVISION

CASE NO: _____

| | |
|---|---|
| MARLIN SANTANA THOMAS | ) Complaint for Violation of Civil |
| Plaintiff | ) Rights (a Bivens claim) and |
| -v- | ) motion/application to proceed |
| VIRGINIA BRUNER, HELEN | ) in forma pauperis |
| ADAMS, ANDREW GRAEVE, | ) |
| MARK KRICKBAUM | ) |
| Defendants | |

**RECEIVED**

OCT 0 5 2021

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

I. The Parties to This Complaint

A. The Plaintiff: MARLIN SANTANA THOMAS

POLK COUNTY ID # 75091

BOP ID # 18505-030

Polk County Jail

1985 NE 51ST Place

Des Moines, IA 50313

B. The Defendants:

(1) VIRGINIA BRUNER

(official capacity)   ASSISTANT UNITED STATES ATTORNEY

UNITED STATES ATTORNEY'S OFFICE

110 EAST COURT AVENUE SUITE 286

DES MOINES, IA 50309

(2) ANDREW GRAEVE

(official capacity)   FEDERAL PUBLIC DEFENDER

FEDERAL PUBLIC DEFENDER'S OFFICE

400 LOCUST STREET, SUITE 340

DES MOINES, IA 50309

(3) HELEN C. ADAMS

(official capacity)   CHIEF U.S. MAGISTRATE JUDGE

U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA

123 EAST WALNUT STREET

DES MOINES, IA 50309

3

(4)   MARK  KRICKBAUM

(official compacity)      UNITED STATES ATTORNEY

UNITED STATES ATTORNEY'S OFFICE

110 EAST COURT AVENUE  SUITE 286

DES MOINES, IA  50309

II  Basis for Jurisdiction :

- I am bringing suit against Federal Officials (a Bivens claim)

- Constitution Rights Being Violated :

   (a) Amendment VI Right to Accused in Criminal Prosecutions

   (b) Amendment XIV Right Guaranteed : Privileges and Immunities
       of citizenship, due process, and equal protection.


- Each of the DEFENDANTS ARE LIABLE AND UNDER COLOR BY CREATING
AND CONTINUING A CUSTOM AND POLICY, (which is the practice of
signing, compelling, and enforcing these very restrictive,
comprehensive, and detailed STIPULATED DISCOVERY ORDERS against
myself and others involuntarily, without our knowledge or consent,
Then the defendants violated my due process rights by not promptly disclosing
Brady/Giglio and exculpatory information to me. (See attachments

III  Prisoner Status : Pretrial detainee

IV  Statement of Claim : In regards to (case no 4:20-CR-0018),

- On 9-2-20 Melanie Keiper file an appearance for me. On
9-3-20 ANDREW GRAEVE filed an appearance on my behalf,
unbeknown to me, replacing Melanie Keiper. On the same day
9-3-20, AUSA VIRGINIA BRUNER and ANDREW GRAEVE signed a STIPULATED
DISCOVERY ORDER on my behalf, but without my knowledge or consent.

- USA ATTORNEY MARK KRICKBAUM authorized this and JUDGE HELEN ADAMS signed, entered, and enforced this order on 9-4-20. My rights were waived involuntarily against my will, and without my consent. The defendants participated in violating my rights by also not making any attempt to give me an opportunity to consult with legal counsel to consent or not consent to sign and enter into this very comprehensive STIPULATED DISCOVERY ORDER. This CUSTOM AND PRactice has happened to hundreds of others in the Southern District of Iowa! What makes my case different is on 9-7-20, (docket #27), I sent a letter to the court for Mr. GRAEVE, who I still had not met. I ASKED ANDREW GRAEVE to do a number of things on my behalf. I also specifically asked for him to request my discovery NOT STIPUlated. When I finally met ANDREW GRAEVE on 9-8-20, we discussed these issues. Mr. Graeve informed me that he was bound by the STIPULATED DISCOVERY ORDER in regards to Brady/Giglio/exculpatory material, and having discovery material in our possession (not the open file policy) among other things. I immediately informed him that I did NOT CONSENT to a STIPULATED DISCOVERY ORDER, and requested that he file a motion to withdraw and contest its validity. He has refused to file a motion to challenge the validity of the STIPULATED DISCOVERY ORDER, and this has severely damaged my ability to adequately defend myself. On 10-5-20 Mr. Graeve filed a motion to dismiss without me having access to the Brady/Giglio and exculpatory discovery material that I requested in my (docket 27) letter, and this has also damaged my defense. I have attached documents that explain and support my statements in regards to this issue.

5

V. Injuries:

Entering, and compelling the STIPULATED DISCOVERY ORDER against me, without my consent has prevented me from having all Discovery materials in my possession, and has bound me to an order that has hurt my ability to adequately defend myself It is not a harmeless error. My ability to make reasonable decisions has been severely damaged by this custom that the defendants practice, and has caused irreparable damage to my case. My motion to dismiss was filed 10-5-20 despite my requests to challenge the validity of this order, and to withdraw from it in 9-2020. Nondisclosure of discovery in this case, nondisclosure of Brady/Giglio and exculpatory material before the filing of my motion to dismiss hearing, along with binding provisions that have been compelled against me have led to me potentially spending years in prison, when I should have been released by August 2021. I lost my brother to cancer, and am away from my children. This experience has caused and is continuing to cause tremendous pain and suffering. My due process rights have been violated.

VI. Relief:

I would like the court to dismiss with prejudice my entire case 4:20-cr-0018, including all counts, due to this constitutional violation. I also want the court to award me punitive damages in the amount of $4,000,000. Lastly, I request that the court demand that this custom and practice/policy ends immediately.

VII Exhaustion of Administrative Remedies Administrative Procedures:

My claim arised while I was confined at Polk County Jail, 1985 NE 51ˢᵗ Place, Des Moines, IA 50313. Polk County Jail's grievance procedures does NOT cover any of my claims, and there isn't a grievance procedure for my particular issue at Polk County Jail.

- Before I ever met or spoke with my attorney ANDREW GRAEVE, I sent the court a letter (Docket#27) for my attorney. One of my requests was NOT to have my discovery stipulated. In my motion to relieve counsel, I informed Judge Jarvey about my claims, and he told me that my lawyer has a right to enter into the stipulated Discovery order regardless of what I want in that regard. I totally disagree. I discussed my Brady/Giglio requests with the court also.

- I sent multiple letters to ANDREW GRAEVE that were filed on the courts docket concerning these issues. My requests for Mr. Graeve to file a motion to withdraw from the stipulated Discovery order was denied along with my requests to challenge its validity. And Brady material has still not been disclosed to me.

- I am attaching the motion to relieve counsel documents and transcripts of that hearing. It encompasses many of the above claims. I have also included letters filed on my docket in regards to this claim.

7

## VIII  Previous Lawsuits

- I have NOT had a case dismissed because of the "three strikes rule."

- I have NOT filed other lawsuits in state or federal court dealing with the same facts involved in this action.

## IX  Certification and Closing

I certify to the best of my knowledge, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of RULE 11.

- I agree to provide the Clerk's office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date 10-1-21

Marlin Santana Thomas
MARLIN SANTANA THOMAS
Polk County Jail # 75091
BOP ID# 18505-030
Polk County Jail, 1985 NE 51st Place
Des Moines, IA 50313

1

SENT TO CLIENT
Apr 01 2021
by:  Valerie Gall

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

```
- - - - - - - - - - - - - X
UNITED STATES OF AMERICA,   :
                            :
      Plaintiff,            :
                            :
vs.                         :       Case No. 4:20-cr-118
                            :
MARLIN SANTANA THOMAS,      :   ATTORNEY APPOINTMENT HEARING
                            :            *SEALED*
      Defendant.            :
- - - - - - - - - - - - - X
```

                    Courtroom 265, Second Floor
                    U.S. Courthouse
                    123 East Walnut Street
                    Des Moines, Iowa
                    Monday, March 15, 2021
                    11:05 a.m.


BEFORE:  THE HONORABLE JOHN A. JARVEY, Chief Judge


APPEARANCES:

For the Plaintiff:        VIRGINIA M. BRUNER, ESQ.
                          AMY L. JENNINGS, ESQ.
                          United States Attorney's Office
                          U.S. Courthouse Annex
                          110 East Court Avenue, Suite 286
                          Des Moines, Iowa  50309


For the Defendant:        ANDREW J. GRAEVE, ESQ.
                          MACKENZI JO NASH, ESQ.
                          Federal Public Defender's Office
                          400 Locust Street, Suite 340
                          Des Moines, Iowa  50309



              TONYA R. GERKE, CSR, RDR, CRR
                United States Courthouse
            123 East Walnut Street, Room 197
                 Des Moines, Iowa 50309

Case 4:21-cv-00291-RP-SHL   Document 1   Filed 10/05/21   Page 9 of 45
Case 4:20-cr-00118-JAJ-HCA   Document 112 *SEALED*   Filed 03/18/21   Page 2 of 19

2

1                    P R O C E E D I N G S

2          THE COURT:  We're here in the matter of the United

3   States versus Marlin Thomas.  We're here for a hearing on the

4   defendant's pro se motion to relieve counsel and appoint

5   substitute counsel to represent him.  He's present and

6   represented by Andrew Graeve.  The Government's represented by

7   Amy Jennings and Virginia Bruner.  It's a matter in which I

8   ordinarily excuse counsel for the Government due to a concern

9   that matters protected by the attorney-client privilege might

10  have to be revealed in order for the motion to be resolved.  Do

11  you have anything, though, that you wish to bring to my

12  attention that may assist in resolving the motion?

13         MS. BRUNER:  No, Your Honor.  We haven't seen the

14  motion so . . .

15         THE COURT:  Yeah.

16         MS. BRUNER:  And we can step out, Your Honor.

17         THE COURT:  Good.  Thanks.  We'll let you know how it

18  comes out.  You can go back to your office.

19         (Ms. Bruner and Ms. Jennings exited the courtroom.)

20         THE COURT:  The record can reflect that counsel for

21  the Government has been excused, and only court personnel and

22  counsel for the defendant remains with the defendant.

23         Mr. Graeve, do you want to start, or should I ask

24  Mr. Thomas?

25         MR. GRAEVE:  Your Honor, the -- the issues raised in

Case 4:21-cv-00291-RP-SHL   Document 1   Filed 10/05/21   Page 10 of 45
Case 4:20-cr-00118-JAJ-HCA   Document 112 *SEALED*   Filed 03/18/21   Page 3 of 19

3

1   Mr. Thomas's motion are issues that he and I have talked about

2   over and over again throughout the course of this litigation.

3   It comes down to, I think, two things.  First is the stipulated

4   discovery order.  He's upset that we entered into it.  As the

5   Court knows, this is an order that we enter into in every case.

6   It's negotiated.  It gives some advantages to us.

7           THE COURT:  Right.  Without it -- without it, a case

8   like this can hardly operate, but go ahead.

9           MR. GRAEVE:  Because we'd have to go to the U.S.

10  Attorney's Office, we'd have to take notes, and we wouldn't be

11  able to actually sit with Mr. Thomas to review discovery, and so

12  we've talked about, you know, the reasons why I've entered into

13  it, and I've told him that I'm not going to withdraw from it.

14          Then, second, is an issue about moving for -- moving

15  to compel the Government to produce *Giglio* and *Brady* material.

16  We've started to get some of that information.  Some of it is

17  subject to the motion in limine.  It's something that we don't

18  need to move to compel because the Government's bound to give it

19  to us under the stipulated discovery order, one, but also they

20  have a constitutional obligation to do it.  So I have taken the

21  position that I'm not going to file that because it would be a

22  waste of the Court's time, and I wouldn't have grounds to do it,

23  so I haven't done that.

24          I -- I am happy to answer any questions the Court has,

25  but those are the positions I've taken.

4

1          THE COURT:  Thank you.  Mr. Thomas?

2          THE DEFENDANT:  Uh --

3          THE COURT:  Would you get a microphone closer to you

4    there, sir?

5          THE DEFENDANT:  I'm sorry.  Your Honor --

6          THE COURT:  Why don't you remove your mask for the

7    purpose of speaking.

8          THE DEFENDANT:  Okay.  Thank you.  Your Honor --

9          THE COURT:  If you're going to read, read slowly.  She

10   has to take it down.

11         THE DEFENDANT:  Okay.  I -- do you want me to go over

12   point by point?

13         THE COURT:  I've read your motion.  If there's

14   anything else you'd like to say, that's what I'd like to hear.

15         THE DEFENDANT:  Oh --

16         THE COURT:  Just in your own words, why is it that

17   you're seeking to have different attorneys appointed?

18         THE DEFENDANT:  Because Mr. Graeve from the start, he

19   did something that I totally do not agree with at all.  He filed

20   an appearance for me without -- I didn't know he filed an

21   appearance for me.  Ms. Keiper was my attorney on 9-2-2020.  On

22   9-3, he filed an appearance for me.  I did not know he was my

23   attorney at the time.  When I -- when I asked a CO when my court

24   date was, I -- a few days later, I -- they told me my attorney

25   was Mr. Graeve, and I immediately sent to him -- or tried to

Case 4:21-cv-00291-RP-SHL   Document 1   Filed 10/05/21   Page 12 of 45
Case 4:20-cr-00118-JAJ-HCA   Document 112 *SEALED*   Filed 03/18/21   Page 5 of 19

5

1   send the court a letter for him stating what I wanted and what I

2   expected of him, to do a few things for me in this case.

3         One of the main things that I asked for was him not to

4   enter into a -- the stipulated -- I did not want a stipulated

5   discovery at all.  I wanted not -- I wanted it not stipulated

6   and underlined and -- for a number of reasons.

7         When I met Andrew Graeve for the first time, I asked

8   about having a few different things in my discovery not

9   stipulated.  He said that he was already bound by a standard

10  discovery order, and I said what?  A standard -- what is that?

11  I was like -- that sounds like it's a stipulated discovery

12  order, from the very first time I met him, and he said, well,

13  it's not; it's the order that -- that's standard throughout the

14  Southern District of Iowa.  I yelled at him.  I told him I did

15  not agree to anything like that.  I told him that -- that he did

16  that without -- without my consent.  He didn't even give me an

17  opportunity to say yes or no to this agreement.  As a matter of

18  fact, I didn't meet him yet, you know.

19        After that, it seems like he didn't know that I sent a

20  letter to the courthouse.  When he got it, he tried to backtrack

21  and send me a letter afterwards like on September 15th.  He

22  tried to send me a letter trying to explain to me and go over

23  what the stipulated and standard discovery is all about.  Now,

24  if you would have did that before, then I would have had an

25  opportunity to say, well, I agree with you; I don't agree with

Case 4:21-cv-00291-RP-SHL   Document 1   Filed 10/05/21   Page 13 of 45
Case 4:20-cr-00118-JAJ-HCA   Document 112 *SEALED*   Filed 03/18/21   Page 6 of 19

6

1   you; I want to enter into this agreement; or I don't want to

2   enter into this agreement.

3       When I actually got the stipulated discovery order, I

4   don't agree with mostly every last single one of those extensive

5   terms that have to do with the stipulated discovery order.  If

6   anything, I would have wanted to make -- to say, well, okay;

7   well, this is what I want; well, this is what the Government

8   wants and the prosecution wants -- let's meet in the middle

9   somewhere.  I don't know.

10      As far as my discovery and my motion to dismiss

11  hearing, I still haven't seen all of my discovery.  The only

12  time that I've been allowed to not be in two handcuffs while

13  being at Polk County Jail was just recently with -- with Miss

14  Theresa -- after -- after 3-2.  I don't know the exact date, but

15  after 3-2-2021 is the first time I've been able to go through

16  some of my discovery.  My discovery is very extensive.  Without

17  having both hands -- without having both hands handcuffed, and

18  then when I needed to ask Miss Theresa or Mr. Graeve a question,

19  I have to use the phone with both hands handcuffed, talk to

20  them, and still try to write and go through and take notes.

21  It's almost impossible.  That's one of the things.

22      The other thing he hasn't done, for some reason -- I

23  don't know if it's the court, him.  I'm sending things to the

24  court that are not getting filed at all.  I've only sent a

25  couple things to the court.  Anytime I send something from

Case 4:21-cv-00291-RP-SHL   Document 1   Filed 10/05/21   Page 14 of 45
Case 4:20-cr-00118-JAJ-HCA   Document 112 *SEALED*   Filed 03/18/21   Page 7 of 19

7

1  myself or someone else to the court, it always gets filed in the

2  docket.  I don't understand why mysteriously -- I know that I

3  sent a letter similar to the one that I tried to send again in

4  December to the court dockets saying that I don't agree with the

5  stipulated discovery order; it's a violation of my rights.  It

6  hasn't showed up.

7          Now as far as my coliloquy [phonetic] or -- that thing

8  for -- the deal that I had to sign for the client -- the

9  attorney-client privilege, I sent that along with a couple of

10  other letters to the court in December for Mr. Graeve, and he

11  told me that the clerk sent it to him, and that's -- and

12  that's -- something about that's why she didn't file it on the

13  docket, and he said something to me about sending stuff to the

14  court because it might get filed in my docket the first time I

15  met -- not the first time but the second -- it must have been

16  around the -- I believe around the 15th of September.  And he

17  said, you know, don't do that, you know, because whatever

18  reasons, and I told him I'm doing it because I don't trust him.

19  That's what I told him.  I remember telling him that.  I don't

20  trust you yet.  That's why I'm doing this because I want to make

21  sure that you're doing some of these things that I want done.  I

22  don't want anything to be lost in translation as far as me

23  asking you to do a couple of things, you know.  That's -- those

24  are just two of the things.

25          Some other things that I didn't talk about in my

Case 4:21-cv-00291-RP-SHL  Document 1  Filed 10/05/21  Page 15 of 45
Case 4:20-cr-00118-JAJ-HCA  Document 112 *SEALED*  Filed 03/18/21  Page 8 of 19

8

1   motion were I asked him to -- to -- it's page -- it's right

2   here.  I gave -- I'm pretty sure I gave him a letter with my --

3   with some of my recovery -- with some of my discovery.  It's a

4   motion asking him to -- to challenge all search warrants for

5   lies, indicia, probable cause, and challenge all physical

6   evidence in regards to the chain of custody, make sure all of

7   the evidence was properly preserved.  I know he hasn't did any

8   of that.  He doesn't do -- he does what he wants to.  He files

9   the motion that he wants to file, and he doesn't file the

10  motions that I ask him to file, and it's not -- and I don't

11  believe it's -- I don't know -- I have no idea what he's doing.

12  It's conflict of interest.

13          As far as some of the discovery that I've been shown,

14  like I said, and just recently last week, I was shown some --

15  some of my discovery that I know -- if I would have had my

16  discovery or had opportunity to see -- review my discovery

17  before my -- before my motion to dismiss hearing, I would

18  clearly see -- because when he showed -- when Miss Theresa

19  showed me some of my discovery, I clearly saw, hey, this is a --

20  this is a report -- this is one of the first things I asked for

21  in my -- he showed me a report 0088 -- I don't know if it's 91

22  or whatever it is.  One of the first things I asked for in my

23  letter to the court was for Mr. Graeve to contact my Iowa

24  attorney, Glen Downey, to get copies of my discovery transcripts

25  and evidence in regards to my state case.

Case 4:21-cv-00291-RP-SHL   Document 1   Filed 10/05/21   Page 16 of 45
Case 4:20-cr-00118-JAJ-HCA   Document 112 *SEALED*   Filed 03/18/21   Page 9 of 19

9

1    As soon as I -- as soon as they showed me parts of it

2    with Officer Westlake's name on it, I looked into it further.

3    Immediately I see that Mr. Wilshusen is -- is showing

4    photographs to -- to the Victim A or whatever, and I'm like,

5    hey, hey, what's this; his -- his name isn't signed as an

6    investigating officer, but he's interrogating somebody -- he's

7    interrogating this person.  The judge threw out -- you know, and

8    this is before my -- my heroin indict --

9    He's not been doing anything that I ask him to do,

10   and, like I said, he didn't give me an opportunity -- nobody

11   gave me an opportunity to agree, not agree to that stipulated

12   discovery order, and I know for a fact it's not just going on

13   with me.  But I'm just talking about myself in general.  He

14   didn't show -- he didn't give me the opportunity to say, okay,

15   yes or not okay.

16   Ms. Nash actually for the first time gave me an

17   explanation why the stipulated discovery order gets signed into,

18   and basically she gave me -- she talked to me about what should

19   have been talked to me about before that agreement got entered

20   into.  But this was again approximately a month ago.

21   Approximately a month ago.

22   THE COURT:  Okay.  Just out of curiosity, what does

23   the stipulated discovery order do that you don't like?

24   THE DEFENDANT:  What does it do that I don't like?

25   Like right now we're asking about *Giglio* and *Brady* -- and *Brady*

Case 4:21-cv-00291-RP-SHL   Document 1   Filed 10/05/21   Page 17 of 45
Case 4:20-cr-00118-JAJ-HCA   Document 112 *SEALED*   Filed 03/18/21   Page 10 of 19

10

1 information, and it's well after the pre-motion deadline date.

2 You know, these things that I'm asking about, I would have been

3 able to have -- I would have tried to make sure I had before

4 going into my motion to dismiss hearing, for one, and other --

5 and other parts of my case.

6       I specifically asked him to -- I want to be able to

7 ask Officer Carney and the other officers, Wilshusen in my case,

8 I want them to be part of that motion to dismiss hearing.  He --

9 he -- everything that has to do with my case is based on some of

10 the things that are in my discovery.

11       THE COURT:  Sure.  And you -- and you think that you

12 would have gotten discovery earlier if he wouldn't have

13 signed -- if he wouldn't have signed the stipulated discovery

14 order.

15       THE DEFENDANT:  I would have had an opportunity to

16 talk about the type of discovery order that I wanted or that --

17 there's no way I would agree to that.  And that's just one -- I

18 don't agree with almost every last term on there.

19       THE COURT:  Well, name a term that you don't agree

20 with.

21       THE DEFENDANT:  I just -- off the top of my head, I'd

22 say number 9 and number 4 because, like -- okay.  I'll just

23 start reading off of -- with respect to the defendant and --

24 again, this is -- I'm just reading over some of them.  Like I

25 said, I wasn't shown any of this until I got mailed with this on

Case 4:21-cv-00291-RP-SHL  Document 1  Filed 10/05/21  Page 18 of 45
Case 4:20-cr-00118-JAJ-HCA  Document 112 *SEALED*  Filed 03/18/21  Page 11 of 19

11

1   the 17th.  With respect to the defendant, any co-defendants,

2   any --

3            THE COURT:  Slower --

4            THE DEFENDANT:  I'm sorry.  With respect to the

5   defendant, any co-defendants, and any witnesses reasonably

6   anticipated to testify at trial, the Government will provide

7   copies of law enforcement reports, including [sic] evaluative

8   material of materials [sic] such as possible defenses and legal

9   strategies, witness statements, and memoranda of witness

10  interviews prepared by the Government investigators which

11  provide the basis for the case against the defendant.  The

12  Government will also provide any copies of *Brady* or Jencks Act

13  materials, other than grand jury transcripts, of which the

14  United States Office is aware and possesses.  These materials

15  will be provided upon the execution of the approval of this

16  agreement, and it goes on and on.

17           THE COURT:  So -- so --

18           THE DEFENDANT:  This --

19           THE COURT:  Some of that information is what we call

20  *Jencks* material which under the law you're not entitled to it

21  until after the witness testifies on direct examination, and to

22  the stipulated discovery order, you get it right away.  That

23  just doesn't seem like it's very bad to me.

24           THE DEFENDANT:  I haven't got any *Brady* material right

25  away, and what this seems like to me is that there's an -- this

Case 4:21-cv-00291-RP-SHL   Document 1   Filed 10/05/21   Page 19 of 45
Case 4:20-cr-00118-JAJ-HCA   Document 112 *SEALED*   Filed 03/18/21   Page 12 of 19

12

1   is an open-file policy, and I didn't want that at all.  I wanted

2   him to have all this information in his possession, and that's

3   one of the things, not the open-file -- file policy.  I'm

4   totally against an open-file policy when it comes to this type

5   of stuff.  That's just one of the things.

6          THE COURT:  Okay.  You're the first guy that I've ever

7   heard be against an open-file discovery policy.  Ever, in my

8   life.

9          THE DEFENDANT:  Well, that's because I want the

10  defense to have it in his possession.  But that's just one of

11  the things.

12         THE COURT:  Okay.

13         THE DEFENDANT:  You know, the -- the fact that -- 15

14  and 16 talk about the -- if I had another counsel, how they'd

15  have to be bound by the stipulated discovery order.  There's no

16  way in the world I would sign or agree to something like this

17  because -- because of those too.  I mean, each one of these are

18  big deals to me, huge deals.  You know, there's no way.

19         A continued obligation -- I don't know -- I'm reading

20  that.  4, all materials provided under this -- all materials

21  provided under this agreement are for the limited purpose for

22  the above-captioned criminal case and may not be used or

23  disclosed for any purpose, including any -- including for any

24  other civil or criminal case in the federal, state -- federal or

25  state court, other than proceedings arising from this

Case 4:21-cv-00291-RP-SHL   Document 1   Filed 10/05/21   Page 20 of 45
Case 4:20-cr-00118-JAJ-HCA   Document 112 *SEALED*   Filed 03/18/21   Page 13 of 19

13

1   prosecution under 2255, unless specifically permitted or ordered

2   by the United States for the Southern District of Iowa.  I don't

3   know if that means if I can't come back civilly or not, but

4   that's just one that I wouldn't agree with either.

5            I don't agree with any of them really.

6            THE COURT:  I get it.  Anything else you'd like to

7   say?

8            THE DEFENDANT:  No -- no, sir.

9            THE COURT:  Anything else, Mr. Graeve?

10           MR. GRAEVE:  Um --

11           THE COURT:  Who is Mr. Wilshusen?

12           MR. GRAEVE:  Mr. Wilshusen is one of the officers who

13  executed the search warrant at his house.  He's the one who

14  authored the search warrant -- the affidavit in support of

15  search warrant in February of 2018 that -- and then he

16  participated in interviews with witnesses, and the report that

17  he refers to is an instance -- well, it's a report authored by

18  Officer Westlake, who was involved in the investigation related

19  to Victim -- Minor Victim A, and the report indicates that

20  Wilshusen was there for that interview also and showed Victim

21  3 -- she's the individual who's related to the count that the

22  Court dismissed.

23           THE DEFENDANT:  Showed Victim A, not Victim 3.

24  Victim A.

25           MR. GRAEVE:  Well, he showed Victim A a picture of

Case 4:21-cv-00291-RP-SHL   Document 1   Filed 10/05/21   Page 21 of 45
Case 4:20-cr-00118-JAJ-HCA   Document 112 *SEALED*   Filed 03/18/21   Page 14 of 19

14

1  Victim 3, and Victim A, according to the report, identified the

2  picture as showing Victim -- or Victim 3 by her pseudonym, by

3  Puder [phonetic].   That may provide some additional explanation

4  there.

5         A concern that I have, Your Honor, is in this case,

6  the Government has now started producing some jail phone calls

7  from Mr. Thomas, and it's clear that he's very upset with the

8  stipulated discovery order.   He also seems to be trying to

9  contact additional counsel related to civil lawsuits, I assume,

10  against defense counsel.   I don't -- I'm not saying that that is

11  any impediment on me continuing in this case, but I did want to

12  raise that to the Court, because I believe Mr. Thomas is

13  exploring that avenue.

14         The concern I have is with Mr. Thomas and us, there

15  has been this tension for a long time related to the stipulated

16  discovery order.   Contrary to what he says at the start, I

17  recall saying to him we get things in the stipulated discovery

18  order that we would not get otherwise, and it's to our advantage

19  compared to how it would be without the stipulated discovery

20  order, and the Government in my view is not going to take

21  another month out of this case at the start of it to try to

22  negotiate a different order that does anything different from

23  what has been negotiated years ago for the stipulated discovery

24  order.

25         THE DEFENDANT:   Something -- years ago has nothing --

Case 4:21-cv-00291-RP-SHL   Document 1   Filed 10/05/21   Page 22 of 45
Case 4:20-cr-00118-JAJ-HCA   Document 112 *SEALED*   Filed 03/18/21   Page 15 of 19

15

1          THE COURT:  He's speaking now.  We'll -- I'll return

2    to you, but Mr. Graeve's speaking now.

3          MR. GRAEVE:  Your Honor, in the past week in

4    particular, Mr. Thomas in one meeting -- Ms. Nash and I went to

5    the Polk County Jail to meet with him to discuss his case,

6    motions in limine, discovery questions that he had, *Brady* and

7    *Giglio* material that we've recently gotten from the Government,

8    and at that time because of this motion, Mr. Thomas informed us

9    that he didn't want to talk to us, and so it was a very brief

10   meeting, less than a minute.

11          But before that, I count in going back through my

12   notes, my calendar, and our hourly time keeping system that I've

13   had over two dozen meetings with him during the course of this

14   case, have spent hundreds of hours on this case and have

15   attempted to explain to him as best as we can given COVID

16   protocols that limit our ability to go to Polk County Jail

17   what's in the discovery and what the Government has in terms of

18   evidence related to each of the individual counts that are at

19   issue here.  And we have made a significant effort to ensure

20   that he can review the discovery while sitting in the discovery

21   rooms of the Polk County Jail, but I also recognize that for

22   most of that time when we review discovery with him, he's been

23   in handcuffs, and that has -- that makes everything so much

24   harder.

25          Only recently after we've complained enough times to

Case 4:21-cv-00291-RP-SHL   Document 1   Filed 10/05/21   Page 23 of 45
Case 4:20-cr-00118-JAJ-HCA   Document 112 *SEALED*   Filed 03/18/21   Page 16 of 19

16

1   the Polk County Jail did we finally get a high-ranking officer

2   at the facility to allow Mr. Thomas and others to not have their

3   handcuffs while we're sitting in the discovery room.   But that

4   is a concern that I had for a long time and ultimately were able

5   to resolve, but it still has been a significant impediment for

6   review of discovery with Mr. Thomas.

7            THE COURT:   Mr. Thomas, one last word from you?

8            THE DEFENDANT:   Like I said, they didn't -- my

9   attorney didn't talk to me about this.   I didn't even know he

10  was my attorney before he entered into this agreement.   Clearly

11  a violation of my rights.   There's no way in the world I would

12  have agreed to the stipulated discovery order.   It was compelled

13  against me involuntarily, without my knowledge.   There's no way

14  I would have agreed to that -- to enter into this agreement.   My

15  name is on that -- I believe it's on the stipulated discovery

16  order, and it says the parties agree to this discovery order.

17  Why is my name on that -- he agreed to it.   My name -- I -- he

18  agreed to it without my knowledge, without my consent.   There's

19  no way I would have agreed to this stipulated discovery order.

20           THE COURT:   Thank you.   So the motion for substitution

21  of counsel is denied.   I'm familiar with the standards for

22  substituting counsel, and they're not grounds here.   In most

23  part, the problem is twofold.   First of all, I can't get better

24  representation for you than the Federal Public Defender's Office

25  for the Southern District of Iowa.

Case 4:21-cv-00291-RP-SHL   Document 1   Filed 10/05/21   Page 24 of 45
Case 4:20-cr-00118-JAJ-HCA   Document 112 *SEALED*   Filed 03/18/21   Page 17 of 19

17

1         But there are certain things that only you can do.

2    Only you can decide whether to plead guilty or go to trial.

3    Only you can decide whether to waive a jury trial, for example.

4    Only you can decide whether or not to testify at a trial.   But

5    there are things -- a lot of things that the lawyers are

6    entitled to do, and entering into the stipulated discovery order

7    is one of the them that they -- that they can do regardless of

8    what the client wants in that regard.   But you haven't

9    identified anything about it that works to your disadvantage,

10   and it's something that the lawyer just gets to do.

11        The motion that you filed, the most detailed one that

12   you've expressed something about chain of custody, that's --

13   that's handled at trial.   He can just say, I object; lack of

14   foundation, and he doesn't have to file a motion -- and there

15   would be nothing for me to do.   I'm not going to review -- no

16   judge would review the evidence and determine before trial

17   whether there was a chain of custody for it.   We do that on the

18   fly with every single exhibit in my entire career.   So, you

19   know, motions like that aren't necessary.   I wouldn't rule on

20   them before trial, and Mr. Graeve knows that, and that's why he

21   doesn't file them.

22        So like I started out saying, I can't get you better

23   representation than the Federal Public Defender's Office for the

24   Southern District of Iowa.   Mr. Graeve does a great job for his

25   people here, and you need to work with him.   The motion is

18

1   denied.

2           Thank you.  We're in recess.

3           THE DEFENDANT:  Excuse me, Judge.

4           THE COURT:  Yes.

5           THE DEFENDANT:  The fact that I don't agree with any

6   last one of these items makes no difference at all that he

7   signed off on this on my behalf, when I don't consent or agree

8   to any last one of these 16 terms?

9           THE COURT:  A defense attorney may decide on his or

10  her own to enter into the stipulated discovery order.  Yes.

11          THE DEFENDANT:  Okay.

12          THE COURT:  Thank you.

13          THE DEFENDANT:  Can I have copies of this -- of this

14  sent to me -- this hearing?

15          THE COURT:  I'm not going to transcribe this hearing

16  just -- just for that.  If you want to appeal one day this

17  issue, it will be provided as a part of that appeal.

18          THE DEFENDANT:  Okay.

19          THE COURT:  We're in recess.

20          (Proceedings concluded at 11:30 a.m.)

21

22

23

24

25

19

1                C E R T I F I C A T E

2       I, Tonya R. Gerke, a Certified Shorthand Reporter of

3 the State of Iowa and Federal Official Realtime Court Reporter

4 in and for the U.S. District Court for the Southern District of

5 Iowa, do hereby certify, pursuant to Title 28 U.S.C. Section

6 753, that the foregoing is a true and correct transcript of the

7 stenographically reported proceedings held in the above-entitled

8 matter and that the transcript page format is in conformance

9 with the regulations of the Judicial Conference of the U.S.

10       Dated at Des Moines, Iowa, March 16, 2021.

11

12

13                    /s/ Tonya R. Gerke
                   Tonya R. Gerke  CSR, RDR, CRR

14                    Federal Official Court Reporter

15

16

17

18

19

20

21

22

23

24

25

Marlin Thomas
Polk County Jail
985 NE 51st Pl.
Des Moines, IA 50313

Southern District of IOWA
123 E. Walnut Street
Des Moines, IA 50309

Assistant Federal Defender
400 LOCUST STREET
SUITE 340
Des Moines, IA 50309

RECEIVED

SEP 14 2020

CLERK OF DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

RE: 4-20-CR-118 US v. Thomas

Mr. Graebe Can you please do the following on my

① Contact my State of IOWA attorney Glenn Downey to get/send me copies of the discovery, transcripts, and evidence in regards to FECR305965. This includes state preliminary hearing transcripts, sealed/unsealed exculpatory evidence and information against the accuser, depositions, Giglio & exculpatory information about all of the investigating officers, and copies of everything that was testimony in open court.

② In regards to 4-20-CR-118, please provide/request copies of the discovery not stipulated. It's important that the discovery is not stipulated due to the fact that I'm restricted and have limited resources in Polk County Jail, therefore I would like Full access to the discovery, so I can properly prepare for my defense.

③ Please provide copies or show me transcripts and grand jury testimony of the accusers and witnesses.

④ Please request Giglio and exculpatory information about all of the investigating officers and witnesses in 4-20-CR-118 (IN YOUR POSSESSION

⑤ Hire a private investigator for my case.

⑥ Can you send me a copy of anything you file or receive in regards to 4-20-CR-118 to the above address?

⑦ And can you reschedule my preliminary hearing so we can properly prepare for it? It's 9-7-20 and I haven't received a court date regarding my prelims. I did not waive my preliminary hearing and would like to have it scheduled. Thanks

Marlin Thomas

Date 9-7-20

Marlin Thomas

Marlin Thomas
**Polk County Jail**
**1985 NE 51st Place**
**Des Moines, IA 50313-2517**

Hasler

US POSTAGE $000.55

ZIP 50309
011E12651300

US District Court for the
Southern District of IOWA

*ED & CLEARED BY U.S.M.S.*

123 E. Walnut Street

Des Moines, IA 50304



*.this entire*
*letter on*
*my docket!*
*1-7*

*Acting Federal Defender*
Brad Hansen

*Assistant Federal Defenders*
Samuel Cross
Andrew Graeve
Diane Helphrey
Joseph Herrold
Tim Herschberger
Nova D. Janssen
Jill Johnston
Melanie S. Keiper
Terence McAtee
Michael F. Maloney
Mackenzi J. Nash
Christopher Nathan
Heather Quick

# FEDERAL PUBLIC DEFENDER
## NORTHERN AND SOUTHERN DISTRICTS OF IOWA

400 Locust Street, Suite 340, Des Moines, IA 50309-2353
Telephone: 515-309-9610   Fax: 515-309-9625

September 15, 2020

Marlin Santana Thomas
Polk County Jail
1985 NE 51st Place
Des Moines, IA  50313

RE: *United States v. Thomas*; 4:20-CR-118

Dear Mr. Thomas:

I received your phone message from September 9, 2020.  I also am in receipt of a letter that you sent to the Court and received by the Court on September 14, 2020, although the letter was intended for me.

As a preliminary matter, you should not send any communications to the Court at 123 E. Walnut Street.  You should send all future communication to me to my attention at the following address:

Federal Public Defender's Office
Attn: Andrew Graeve
400 Locust Street, Suite 340
Des Moines, Iowa 50309

If you send communications to the Court, like you did for your prior letter, it will possibly be filed in the public record, like this letter was.  If you send communications to any address other than my address, then it will potentially be disclosed and reviewed by other individuals (for example, the Court and the government).

In response to your phone message and the numbered items in your letter:

1. You asked me to contact Glenn Downey.  I have contacted him and requested all of the discovery, transcripts, and evidence that he can provide to me related to your prior

case FECR305965. I have talked with Mr. Downey by email. He informed me that there were no depositions conducted in your prior case.

2. You asked that I provide copies of the discovery to you in Polk County Jail. In this district, there is a standard discovery order that is entered by the Court that I am bound by. That discovery order is enclosed. Under that discovery order, the government is required to turn over all discovery required under Rule 16(a) of the Federal Rules of Criminal Procedure. The government agrees to make available for my review any physical evidence, financial records, search warrants, grand jury materials, police reports, and other materials related to your case. The government also agrees to turn over any statements and memoranda of witness interviews. This includes any *Brady* and *Giglio* materials for any witnesses the government anticipates calling at trial and notice of any Rule 404(b) evidence that the government intends to use. I have already received voluminous discovery (including witness statements summaries, police reports, phone records, hotel records, records from backpage, records from google, criminal histories for witnesses, and recordings of jail calls). I am currently in the process of reviewing all of the discovery.

At some point, my staff and I will review these records with you. Please note, however, that pursuant to the standard discovery order, I cannot give you copies of the discovery. The standard discovery order, at paragraph 4, states: "These materials may be discussed with and shown to Defendant. However, copies of the following materials, in any form, may not be left with or provided to the Defendant or any other person (nor may Defendant be permitted to make copies of these materials): law enforcement reports, investigative reports and summaries, witness statements, memoranda of witness interviews, medical records (other than defendant's own medical records), audio recordings, video recordings, and grand jury testimony and exhibits." That means that my staff and I will have to be physically present with you when we show you, and allow you to review, the discovery, which consists of materials that we are prohibited from leaving with or providing to you. We cannot give you copies of the discovery for you to keep.

3. Pursuant to the standard discovery order, I cannot provide you with grand jury testimony in this case. I can review it with you, when I receive it, but I cannot give you a copy. I can send you transcripts of the proceedings in this matter as they occur, and as we receive them. As of now, there are no transcripts of the proceeding in this matter.

4. Pursuant to the standard discovery order, we have already requested, and the government has agreed to provide, *Giglio* and exculpatory information about the government's witnesses (both the alleged victims and the investigating officers). As before, I will review this information with you as I receive it.

5. We have investigators in our office who investigate cases for us. I will be working with our investigators to try to interview witnesses and the alleged victims.

case FECR305965. I have talked with Mr. Downey by email. He informed me that there were no depositions conducted in your prior case.

2. You asked that I provide copies of the discovery to you in Polk County Jail. In this district, there is a standard discovery order that is entered by the Court that I am bound by. That discovery order is enclosed. Under that discovery order, the government is required to turn over all discovery required under Rule 16(a) of the Federal Rules of Criminal Procedure. The government agrees to make available for my review any physical evidence, financial records, search warrants, grand jury materials, police reports, and other materials related to your case. The government also agrees to turn over any statements and memoranda of witness interviews. This includes any *Brady* and *Giglio* materials for any witnesses the government anticipates calling at trial and notice of any Rule 404(b) evidence that the government intends to use. I have already received voluminous discovery (including witness statements summaries, police reports, phone records, hotel records, records from backpage, records from google, criminal histories for witnesses, and recordings of jail calls). I am currently in the process of reviewing all of the discovery.

At some point, my staff and I will review these records with you. Please note, however, that pursuant to the standard discovery order, I cannot give you copies of the discovery. The standard discovery order, at paragraph 4, states: "These materials may be discussed with and shown to Defendant. However, copies of the following materials, in any form, may not be left with or provided to the Defendant or any other person (nor may Defendant be permitted to make copies of these materials): law enforcement reports, investigative reports and summaries, witness statements, memoranda of witness interviews, medical records (other than defendant's own medical records), audio recordings, video recordings, and grand jury testimony and exhibits." That means that my staff and I will have to be physically present with you when we show you, and allow you to review, the discovery, which consists of materials that we are prohibited from leaving with or providing to you. We cannot give you copies of the discovery for you to keep.

3. Pursuant to the standard discovery order, I cannot provide you with grand jury testimony in this case. I can review it with you, when I receive it, but I cannot give you a copy. I can send you transcripts of the proceedings in this matter as they occur, and as we receive them. As of now, there are no transcripts of the proceeding in this matter.

4. Pursuant to the standard discovery order, we have already requested, and the government has agreed to provide, *Giglio* and exculpatory information about the government's witnesses (both the alleged victims and the investigating officers). As before, I will review this information with you as I receive it.

5. We have investigators in our office who investigate cases for us. I will be working with our investigators to try to interview witnesses and the alleged victims.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

SENT TO CLIENT
May 19 2021
by: Valarie Gall

UNITED STATES OF AMERICA,

    v.

MARLIN SANTANA THOMAS,
    Defendant.

)
)
)
)
)
)
)
)
)
)

Criminal No. 4:20-cr-00118

STIPULATED DISCOVERY AND
PROTECTIVE ORDER

The following discovery and reciprocal discovery obligations have been agreed to by the parties and the Court so ORDERS such compliance:

1. ***Acknowledgment of Requests for Discovery.*** The parties acknowledge that Defendant has requested discovery from the Government, pursuant to Fed. R. Crim. P. 16(a) and 26.2 and 18 U.S.C. § 3500(b), and that the Government has requested reciprocal discovery from the Defendant, pursuant to Fed. R. Crim. P. 16(b) and 26.2. Defendant further acknowledges that the Government has requested notice of any alibi, Fed. R. Crim. P. 12.1, insanity defense, Fed. R. Crim. P. 12.2, or public authority defense, Fed. R. Crim. P. 12.3, and agrees to provide notice of such defenses within fourteen calendar days of this agreement, unless the Court specifically sets a different date upon application of the Defendant.[1]

2. ***Government's Rule 16(a) Discovery and other Physical Evidence.*** Upon execution and approval by the Court of this Agreement and Order, the Government will make available for review by Defendant's counsel any original physical evidence, financial records, and other Rule 16(a) materials gathered during the investigation by whatever means, including by

---

[1] If Defendant's counsel requires further information about the time, date, and place of the alleged offense beyond the information set forth in the Complaint, Information or Indictment and the Government's discovery materials, Defendant's counsel will specifically notify Government counsel.

search warrant, grand jury subpoena, other legal process, or consent. These materials may be reviewed by scheduling an appointment during business hours at the United States Attorney's Office and/or at the law enforcement agency in possession of any original evidence. To the extent that these materials are not voluminous and may be conveniently copied, the Government may elect to provide copies of these materials to Defendant's counsel; otherwise, Defendant's counsel may make arrangements to make copies of these materials at Defendant's expense.[2]

    3.    *Government's Witness Statements/Information and Brady Material.* With respect to the Defendant, any co-defendants, and any witnesses reasonably anticipated to testify at trial, the Government will provide copies of law enforcement reports (excluding evaluative material of matters such as possible defenses and legal strategies), witness statements, and memoranda of witness interviews prepared by Government investigators (e.g., FBI 302s, DEA-6s, etc.), which provide the basis for the case against the Defendant. The Government also will provide copies of any *Brady* or Jencks Act materials (other than grand jury transcripts) of which the United States Attorney's Office is aware and possesses. These materials will be provided upon execution and approval of this Agreement, to be supplemented if and when additional materials become available. Should Defendant's counsel become aware of any potential *Brady* material not contained in the discovery file, Defendant's counsel will notify the United States Attorney's Office and request that such information be added to the discovery file.

    4.    *Restrictions on Use and Disclosure.* All materials provided under this Agreement are for the limited purpose of being used in the above-captioned criminal case and may not be used

---

[2] If dissemination or release of any of these materials is prohibited by law, *see, e.g.,* 18 U.S.C. § 3509(m), Defendant's counsel will not be permitted to copy them.

or disclosed for any other purpose, including for any other civil or criminal case in federal or state court (other than proceedings arising from this prosecution under 28 U.S.C. § 2255), unless specifically permitted and ordered by the United States District Court for the Southern District of Iowa. These materials may be discussed with and shown to Defendant. However, copies of the following material, in any form[3], may not be left with or provided to the Defendant or any other person (nor may Defendant be permitted to make copies of these materials): law enforcement reports, investigative reports and summaries, witness statements, memoranda of witness interviews, medical records (other than defendant's own medical records), audio recordings, video recordings, and grand jury testimony and exhibits. Defense counsel also agrees not to show any such materials, memoranda, or witness interviews to any witness in the case, except for any transcribed testimony or written statement signed or expressly adopted by that witness. Copies of discovery materials provided to Defendant's counsel shall be either destroyed or returned to Government counsel following the conclusion of all matters relating to this criminal case.

    5.   ***Redacted or Withheld Information***.  The Government may redact or withhold information from discovery for security concerns or to protect an ongoing investigation or, alternatively, may require that such materials be reviewed at the U.S. Attorney's Office and not copied; the Government also may redact certain personal identifying information, such as social security numbers and dates of birth, to protect the privacy interests of potential witnesses.[4] This

---

[3] This includes both paper and electronic copies, as well as summaries or dictation that may be prepared by or on behalf of Defendant's counsel.

[4] To the extent that any discovery materials in this case contain personal identifying information of any person, such as social security numbers, dates of birth, or financial account information, or any person's medical records or information, Defendant's counsel agrees that these

3

does not preclude the Defendant from requesting *in camera* review by the Court of such material, upon proper showing, in order to determine whether or not it should be disclosed in accordance with Fed. R. Crim. P. 16 or other legal authorities. Where information is withheld, a notice of the withholding, along with a general description of the type of material withheld, will be provided to Defendant's counsel. The Government also will not disclose evidence that it may elect to use for impeachment of defense witnesses or as possible rebuttal evidence.

6.     ***Special Requirements for Cases Involving Minor Victims and/or Witnesses.*** The parties agree that any and all discovery information identifying minor victims and/or minor witnesses shall be subject to the following restrictions, in accordance with Fed. R. Crim. P. 16(d) (discovery and inspection), Fed. R. Crim. P. 49.1 (privacy protections), 18 U.S.C. § 3509(d) (The Child Victims' and Child Witnesses' Rights Act), and 18 U.S.C. § 3771(a) (The Crime Victims' Rights Act):

- All documents that disclose the name or any other information concerning a minor victim/witness shall be kept in a secure place to which no person who does not have reason to know their content has access.

- Copies of discovery materials containing identifying information or potentially identifying information for any minor victim/witness shall not be left with the Defendant.

- All publicly filed or disseminated documents shall identify minor victims/witnesses by generic name, such as "Minor A."

- Defendant may not, directly or indirectly, including through family members or other personal contacts, make any attempt to contact any minor victim or witness in the case. (This prohibition does not prohibit Defendant's counsel, or private investigator, from contact with potential witnesses, subject to the restrictions below.)

- If Defendant's counsel or private investigator contacts any victim/witness who has not attained the age of 18, the victim/witness shall be advised from the outset that the

---

materials will be subject to the restrictions set forth in paragraph 4.

victim/witness can decline to speak with Defendant's counsel/investigator and can have an adult of the minor's choosing present. For example, an investigator acting on behalf of Defendant shall state as follows: "I work for the Defendant and Defendant's lawyers regarding criminal charges the Government has asserted against the Defendant. I would like to speak to you about that matter. You can decline to speak with me. You can also have an adult of your choosing present if you decide to speak with me. Will you speak with me and if so, who would you like to be present?" The Government may advise any minor victim/witness and their parents or legal guardians of their rights to speak with defense personnel only if they choose, and to have an adult of their choosing present.

7.      ***Defendant's Reciprocal Discovery Obligations.***  Defendant agrees to provide the following reciprocal discovery materials within fourteen calendar days of this Agreement: Copies of documents, tangible objects, and other materials that Defendant may offer into evidence during its case-in-chief, reports of examinations and tests, and summaries of expert witnesses, to the full extent of Fed. R. Crim. P. 16(b); and, statements of any witness Defendant intends to call at trial, including any written statements or substantially verbatim, contemporaneously recorded recital of such prior statements to the full extent of Fed. R. Crim. P. 26.2(f) and 18 U.S.C. § 3500(e).

8.      ***Notice Under Rules of Evidence and Criminal Procedure.***  Unless otherwise indicated, the general nature of information that the Government may offer into evidence pursuant to Federal Rules of Evidence 404(b) and 609(b) is set forth within the discovery materials. The undersigned counsel for the Defendant understands and agrees that the review of these materials provides the Defendant with necessary notice, in compliance with Federal Rule of Criminal Procedure 12(b)(4) and Federal Rules of Evidence 404(b) and 609(b), as to any and all materials which are relevant to those rules. Upon a specific request by Defendant's counsel, however, the Government will specify whether it intends to use any such evidence, whether it will be offered pursuant to Rule 404(b), and the purpose for which it is offered under the rule without further motion or order.

5

9.     *Giglio Information.*   The Government will provide potential *Giglio* information relating to witnesses reasonably anticipated to be called during its case-in-chief and will, in advance of trial, run "rap" sheets of non-law enforcement witnesses reasonably anticipated to be called as witnesses during its case-in-chief. Any potential or alleged *Giglio* information related to law enforcement witnesses must be reviewed at the U.S. Attorney's Office and must remain at all time in the Government's custody; the Government reserves the right to submit such materials to the Court for *in camera* review to determine whether disclosure is required.

10.     *Grand Jury Testimony.*   The Government agrees to provide counsel for the Defendant with access to the grand jury testimony of witnesses reasonably anticipated to be called as witnesses at trial no later than ten calendar days before the scheduled trial date. If the Government elects to delay disclosure of grand jury transcripts until less than ten calendar days before trial, because of witness security concerns or other reasons, it will notify defense counsel. Any copies of grand jury testimony will be subject to the restrictions regarding law enforcement reports and witness statements, as set forth above. Defendant's counsel agrees not to move for a continuance of the trial date once the grand jury transcripts have been disclosed.

11.     *Materials Obtained by Trial Subpoena (Mutual Obligation).*   Any materials obtained pursuant to trial *subpoenas* issued by either party will be disclosed to all parties, in full, immediately upon receipt. The parties further acknowledge that neither party may require the production of documents or other evidence prior to trial pursuant to a trial subpoena without obtaining a specific Court order, with notice to all parties, in accordance with Rule 17(c) of the Federal Rules of Criminal Procedure.

12. ***Witness and Exhibit Lists.*** The parties agree to exchange witness lists and exhibit lists no later than five calendar days before the scheduled trial date.

13. ***Continuing Obligation.*** The parties acknowledge that they are subject to a continuing duty of disclosure, including under Federal Rule of Criminal Procedure 16(c). The parties will promptly disclose any additional discovery materials under this Agreement – including Rule 16 materials, witness information, and *Brady* information – if additional materials are identified or obtained following execution of this Agreement or beyond the deadlines agreed herein. Any additional materials provided will be subject to the restrictions set forth in this Agreement. Opposing counsel will be notified when additional discovery materials are added.

14. ***Resolution of Disputes.*** The parties agree that they will attempt to resolve any disputes involving discovery and reciprocal discovery between themselves before filing any discovery-related motions (including motions for bills of particulars) with the Court, consistent with the requirements of Local Criminal Rule 16(b).

15. ***Applicability.*** Undersigned counsel for both parties agree that the terms and restrictions of this agreement extend to other lawyers, staff, and investigators working with or on behalf of the undersigned counsel (including, but not limited to, other employees or lawyers associated with defense counsel's law practice, and any investigators retained by or acting on behalf of the Defendant, as well as employees of the U.S. Attorney's Office and Government investigators assigned to this case). If different counsel is appointed or retained to represent Defendant, the discovery materials provided under this Agreement shall not be released to new counsel until new counsel files a statement with the Court acknowledging that counsel will be

7

bound to the terms of this Agreement. Any violation of this agreement will obligate the Defendant to immediately return any and all documents provided to the U.S. Attorney's Office.

16.    ***Authority and Scope.***  The parties agree that the Court has the authority to enter and enforce this Order, including under the authority of Rule 16(d) of the Federal Rules of Criminal Procedure, and that this Order shall be remain binding on all counsel, including any additional or new counsel that may appear on behalf of the Government or the Defendant after execution of this Agreement.

**IT IS SO ORDERED.**

Dated this    4th       day of    September, 2020

Helen C. Adams
Chief U.S. Magistrate Judge

SEEN AND AGREED:

9-3-2020
Date

Andrew James Graeve
Attorney for the Defendant

Marc Krickbaum
United States Attorney

9/3/2020
Date

By:
Virginia M. Bruner
Assistant United States Attorney

8

Marlin Thomas
Polk County Jail
1985 NE 51st Place
Des Moines, IA 50313

(Clerk of courts
Please file this
on my
docket!)

U.S. District Court for the
Southern District of IOWA
123 E. Walnut Street
Des Moines, IA 50309

Date: 12-24-20     case no: 420-CR-118 U.S. v Thomas

Dear Andrew Graeve, I'm sending this letter in reference to a letter that I sent to the District court, for you, in Sep. 2020 that is not appearing on my docket. It was after the Docket #27 letter I sent you, but before Docket #28. For some reason this letter isn't appearing on my docket. Here is a summary: As you know, I was arraigned on 9-2-20 and Melonie Keiper was my attorney. 5days before we ever met, you filed an appearance for me on 9-3-20, and on the very same day, (unbeknown to me), you signed and agreed to a very comprehensive and very detailed Stipulated Discovery and protective order on my behalf WITHOUT MY KNOWLEDGE OR CONSENT! I do not agree to most of the terms of the stipulated discovery order! Your office mailed me a copy of the stipulated discovery order on 9-15-20. I received it and reviewed it for the very first time on 9-17-20. I do not believe that I should be obligated to comply with the STIPULATED DISCOVERY & protective order that I clearly requested against beforehand!! I believe this is a violation of my rights! Can you please file this on my docket and mail me a copy at the above address? Thank you

Marlin Thomas



DAVID GEORGE
Commission Number 755761
My Commission Expires
11-12-23

DAVID GEORGE
Commission Number 755761
My Commission Expires

Case no: 4-20-CR-118

U.S. v. Thomas

Mr Andrew Graeve

in you please send me copies of letters that I have
sent to your office since 9-1-20? I'm concerned about
missing letter that I sent to the District
court for you between 9-15-20 and 10-1-20. For
some reason it is not showing up on my docket
sheet. Thank you

Marlin Thomas

Date: 12-24-20



DAVID GEORGE
Commission Number 755761
My Commission Expires
12-7-20

| | | |
|---|---|---|
| | | STIPULATED DISCOVERY AND PROTECTIVE ORDER as to Marlin Santana Thomas. Signed by Chief Magistrate Judge Helen C. Adams on 9/4/2020. (k) (Entered: 09/04/2020) |
| 09/04/2020 | 22 | PROPOSED Stipulated Discovery and Protective Order by USA as to Marlin Santana Thomas. (Bruner, Virginia) (Entered: 09/04/2020) |
| 09/03/2020 | 21 | NOTICE OF ATTORNEY APPEARANCE: FPD Andrew James Graeve appearing for Marlin Santana Thomas (Graeve, Andrew) (Entered: 09/03/2020) |
| 09/03/2020 | 20 | Bail/Bond Report (Sealed) as to Marlin Santana Thomas. (Davidson, Priscilla) (Entered: 09/03/2020) |
| 09/02/2020 | 19 | ORDER OF DETENTION PENDING TRIAL and granting 18 Motion for Detention as to Marlin Santana Thomas (1). Signed by Chief Magistrate Judge Helen C. Adams on 9/2/2020. (mel) (Entered: 09/02/2020) |
| 09/02/2020 | 18 | ORAL MOTION for Detention by USA as to Marlin Santana Thomas. (mel) (Entered: 09/02/2020) |
| 09/02/2020 | 17 | TEXT ORDER SETTING TRIAL as to Marlin Santana Thomas: Jury Trial set for 10/26/2020 at 09:00 AM in Des Moines - Room 265 - 2nd Floor before Chief Judge John A. Jarvey. Discovery Deadline 9/11/2020. Reciprocal Discovery due by 9/21/2020. Pretrial Motion Deadline 10/5/2020. Plea Entry due by 10/13/2020. Signed by Chief Magistrate Judge Helen C. Adams on 9/2/2020. (mel) (Entered: 09/02/2020) |
| 09/02/2020 | 16 | Minute Entry for proceedings held before Chief Magistrate Judge Helen C. Adams: Arraignment as to Marlin Santana Thomas (1) Count 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s, 10s, 11s, 12s, 13s, 14s, 15s, 16s, and 17s held on 9/2/2020. (Court Reporter FTR Gold.) (mel) (Entered: 09/02/2020) |
| 09/02/2020 | 15 | Minute Entry for proceedings held before Chief Magistrate Judge Helen C. Adams: Initial Appearance as to Defendant Marlin Santana Thomas held on 9/2/2020. Attorney Melanie S. Keiper for defendant. (Court Reporter FTR Gold.) (mel) (Entered: 09/02/2020) |
| 09/01/2020 | 13 | TEXT ORDER as to Marlin Santana Thomas. Initial Appearance and Arraignment RESET for 9/2/2020 at 02:20 PM in Des Moines - Room 265 - 2nd Floor - Video Proceeding before Chief Magistrate Judge Helen C. Adams. Defendant will appear via video from the Polk County Jail. Signed by Chief Magistrate Judge Helen C. Adams on 9/1/2020. (k) (Entered: 09/01/2020) |
| 09/01/2020 | | Arrest of Marlin Santana Thomas. (kmp) (Entered: 09/01/2020) |
| 08/12/2020 | 10 | TEXT Minute Entry for proceedings held before Magistrate Judge Celeste F. Bremer: Grand Jury Presentment as to Marlin Santana Thomas held on 8/12/2020. Secret. Warrant to be issued. Government requested detention. AUSA present Jason T. Griess. CRD: mel. Time in Court 11:55 a.m. - 11:58 a.m. (kmp) (Entered: 08/12/2020) |
| 08/12/2020 | 9 | REDACTED SUPERSEDING INDICTMENT by USA as to Marlin Santana Thomas. (kmp) Modified on 8/28/2020 to modify docket text(pll). (Entered: 08/12/2020) |

| | | |
|---|---|---|
| | | MOTION to Dismiss is now due 11/16/2020. Signed by Chief Judge John A. Jarvey on 10/13/2020. (mem) (Entered: 10/13/2020) |
| 10/12/2020 | 34 | MOTION for Extension *to Respond to Defense Motion* by USA as to Marlin Santana Thomas. Motions referred to Helen C. Adams. Responses due by 10/19/2020. (Jennings, Amy) (Entered: 10/13/2020) |
| 10/09/2020 | 33 | ORDER CONTINUING TRIAL and granting 32 Motion to Continue Trial as to Marlin Santana Thomas (1). Jury Trial set for 3/1/2021 at 09:00 AM in Des Moines - Room 265 - 2nd Floor before Chief Judge John A. Jarvey. Pretrial Motion Deadline 12/18/2020. Plea Entry Deadline 1/29/2021. Signed by Chief Magistrate Judge Helen C. Adams on 10/9/2020. (k) Modified on 10/9/2020 to correct typographical error regarding plea entry deadline (k). (Entered: 10/09/2020) |
| 10/09/2020 | 32 | Unresisted MOTION to Continue Trial as to Marlin Santana Thomas. (Graeve, Andrew) (Entered: 10/09/2020) |
| 10/07/2020 | 31 | CJA 23 Financial Affidavit as to Marlin Santana Thomas. (Graeve, Andrew) (Entered: 10/07/2020) |
| 10/05/2020 | 30 | SEALED MOTION TO DISMISS. (Attachments: # 1 Brief in Support, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U) (Graeve, Andrew) Modified and regenerated on 10/16/2020 to correct event from Sealed Document to Sealed Motion to Dismiss. (dmh) (Entered: 10/05/2020) |
| 10/05/2020 | 29 | TEXT ORDER granting 28 Motion for Leave to File under Seal as to Marlin Santana Thomas. Defendant may file the motion and supporting brief and exhibits as sealed documents. Signed by Chief Magistrate Judge Helen C. Adams on 10/5/2020. (bam) (Entered: 10/05/2020) |
| 10/02/2020 | 28 | MOTION for Leave to File under Seal as to Marlin Santana Thomas. Motions referred to Helen C. Adams. (Graeve, Andrew) (Entered: 10/02/2020) |
| 09/14/2020 | 27 | LETTER from Marlin Santana Thomas to Andrew Graeve, Public Defender, as to Marlin Santana Thomas document request. (mrc) (Entered: 09/14/2020) |
| 09/10/2020 | 26 | ORDER GRANTING MOTION TO EXCLUDE TIME FOR SPEEDY TRIAL PURPOSES 24 as to Marlin Santana Thomas (1). Signed by Chief Magistrate Judge Helen C. Adams on 9/10/2020. (Attachments: # 1 Supplement, # 2 Supplement) (k) (Entered: 09/10/2020) |
| 09/08/2020 | 25 | NOTICE *Rule 7(b)* as to Marlin Santana Thomas (Bruner, Virginia) (Entered: 09/08/2020) |
| 09/08/2020 | 24 | First MOTION to Exclude Time for Speedy Trial Purposes by USA as to Marlin Santana Thomas. Motions referred to Helen C. Adams. Responses due by 9/15/2020. (Bruner, Virginia) (Entered: 09/08/2020) |
| 09/04/2020 | 23 | |

*Handwritten margin note (left side):* Between 9-15-20 and 10-1-20 I sent the Court a letter for Mr. Graeve about rights being violated



Des moines, IA 50313

Des Moines IA P&DC 500
MON 04 OCT 2021 PM

X-RAYED & CLEARED BY U.S.M.S.

U.S. District Court for
The Southern District of Iowa
123 E. Walnut Street
Des Moines, IA 50309